# IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
|    Plaintiff, | ) |
|                v. | ) |
| | ) |
| KENNETH M. DAVID, | ) Case No. _____ |
| FAY M. DAVID, | ) |
| FIRST FINANCIAL BANK, SUCCESSOR BY | ) |
| MERGER TO THE MERCHANTS BANK & | ) |
| TRUST CO., | ) |
| MARINKO GVOZDANOVIC, | ) |
| STATE OF OHIO, | ) |
| DEPARTMENT OF TAXATION | ) |
| and, | ) |
| HAMILTON COUNTY, OHIO, | ) |
| | ) |
|    Defendants. | ) |
| _____ | ) |

## **COMPLAINT**

Plaintiff, the United States of America, pursuant to 26 U.S.C. §§ 7401 and 7403, with the authorization of a delegate of the Secretary of the Treasury and at the direction of the Attorney General of the United States, brings this civil action to enforce the federal tax liens that arose on account of unpaid federal tax assessments against Kenneth M. David. The federal tax liens attach to the real property located at 3033 Burning Tree Lane, Cincinnati, Ohio (the "Property"), based on: (1) Fay M. David holds title as the nominee of Kenneth M. David; and (2) the federal tax liens attached to funds that were transferred to Fay M. David and used to make payments toward the down payment and/or mortgage on the Property. The United States seeks to enforce

its liens and to sell the Property in partial satisfaction of Kenneth M. David's federal tax liabilities. The United States for its complaint alleges as follows:

## Jurisdiction and Venue

1. The Court has jurisdiction over this action under 26 U.S.C. §§ 7402(a) and 7403 and 28 U.S.C. §§ 1331, 1340, 1345, and 3201(f).

2. Venue properly lies in the Southern District of Ohio pursuant to 28 U.S.C. §§ 1391(b) and 1396, because the Property is located within this district.

## Parties

3. Kenneth M. David is named as a party pursuant to 26 U.S.C. § 7403(b) because he has or may claim an interest in the Property.

4. Fay M. David is named as a party pursuant to 26 U.S.C. § 7403(b) because she has or may claim an interest in the Property.

5. First Financial Bank, as Successor by merger to the Merchants Bank & Trust Co. ("First Financial Bank") is named as a party to this action pursuant to 26 U.S.C. § 7403(b) because it has or may claim an interest in the Property.

6. State of Ohio, Department of Taxation is named as a party to this action pursuant to 26 U.S.C. § 7403(b) because it has or may claim an interest in the Property.

7. Marinko Gvozdanovic is named as a party to this action pursuant to 26 U.S.C. § 7403(b) because he has or may claim an interest in the Property.

8. Hamilton County, of the State of Ohio is named as a party to this action pursuant to 26 U.S.C. § 7403(b) because it has or may claim an interest in the Property.

## Kenneth M. David's Federal Tax Liabilities

14

9.  For numerous tax periods between 1993 and 2010, Kenneth M. David failed to pay over to the Internal Revenue Service the withheld income and Social Security and Medicare contributions due from employees of several companies.

10. A delegate of the Secretary of the Treasury made assessments against Kenneth M. David for trust fund recovery penalties pursuant to 26 U.S.C. § 6672, as a person responsible for collecting, truthfully accounting for, and paying over to the Internal Revenue Service, the withheld income taxes and Social Security and Medicare contributions due from employees of Jester, Inc., as follows:

| Tax Period Ending | Assessment Date | Amount Assessed | Balance as of November 1, 2022 |
|---|---|---|---|
| 3/31/1999 | 12/03/2001 | $14,943.62 | $38,787.42 |
| 6/30/1999 | 12/03/2001 | $6,834.44 | $17,769.63 |

11. A delegate of the Secretary of the Treasury made assessments against Kenneth M. David for trust fund recovery penalties pursuant to 26 U.S.C. § 6672, as a person responsible for collecting, truthfully accounting for, and paying over to the Internal Revenue Service, the withheld income taxes and Social Security and Medicare contributions due from employees of JKE LLC, as follows:

| Tax Period Ending | Assessment Date | Amount Assessed | Balance as of November 1, 2022 |
|---|---|---|---|
| 12/31/2004 | 04/21/2009 | $23,626.06 | $39,364.61 |
| 03/31/2005 | 04/21/2009 | $16,464.64 | $27,363.76 |

12. A delegate of the Secretary of the Treasury made assessments against Kenneth M. David for trust fund recovery penalties pursuant to 26 U.S.C. § 6672, as a person responsible for collecting, truthfully accounting for, and paying over to the Internal Revenue Service, the

13

withheld income taxes and Social Security and Medicare contributions due from employees of VC Steak LLC, as follows:

| Tax Period Ending | Assessment Date | Amount Assessed | Balance as of November 1, 2022 |
|---|---|---|---|
| 12/31/2006 | 04/05/2010 | $29,944.07 | $13,783.78 |
| 03/31/2007 | 04/05/2010 | $25,918.31 | $41,459.31 |
| 06/30/2007 | 04/05/2010 | $20,039.28 | $32,055.13 |
| 09/30/2007 | 04/05/2010 | $28,884.35 | $46,203.84 |
| 12/31/2007 | 04/05/2010 | $23,015.75 | $36,816,.29 |
| 03/31/2008 | 04/05/2010 | $11,202.44 | $17,919.61 |
| 06/30/2008 | 12/06/2010 | $37,327.50 | $58,140.24 |
| 09/30/2008 | 12/06/2010 | $37,327.50 | $58,127.81 |
| 12/31/2008 | 12/06/2010 | $37,327.50 | $58,127.81 |
| 06/30/2009 | 12/06/2010 | $36,644.79 | $57,064.68 |
| 09/30/2009 | 12/06/2010 | $37,327.50 | $58,127.81 |
| 12/31/2009 | 04/04/2011 | $13,176.61 | $20,363.57 |
| 03/31/2010 | 04/04/2011 | $13,176.61 | $20,303.28 |

13. Proper notice and demand for payment of the assessments set forth in paragraphs 10 through 12, above, were made to Kenneth M. David.

14. Despite proper notice and demand for payment of the assessments described in paragraphs 10 through 12, above, Kenneth M. David neglected, failed, or refused to pay these assessments.

15. Under 26 U.S.C. §§ 6321 and 6322, on the dates of the assessments set forth in paragraphs 10 through 12, above, federal tax liens arose in favor of the United States upon all

14

property and rights to property belonging to Kenneth M. David, including after acquired property.[1]

16. On October 26, 2012, the court in *United States v. Kenneth M. David*, Case No. 1:11-cv-818 (S.D. Ohio), entered judgment against Kenneth M. David in the amount of $38,415.51, plus interest from August 13, 2012, for the trust fund recovery penalties related to Jester, Inc.

17. On October 16, 2013, the court in *United States v. Kenneth M. David* et al., Case No. 1:12-CV-549 (S.D. Ohio), entered judgment against Kenneth M. David in the amount of $428,055.49, plus interest from December 17, 2012, for the trust fund recovery penalties related to VC Steak LLC and JKE LLC.

18. The balance of the liabilities for the judgment periods totals $641,778.61, plus interest from November 1, 2022.

Fay M. David Holds Kenneth M. David's Interest in the Property as His Nominee

19. By General Warranty Deed dated March 13, 2007, Fay M. David acquired title to the property located at 3033 Burning Tree Lane, Cincinnati OH, 45237. The Property is legally described as follows:

> Situate in Section 25, Town 4 Entire Range 1, Sycamore Township, Hamilton County, Ohio and being more particularly described as follows:
>
> Lot No. 11 of Westridge Subdivision as recorded in Plat Book 45, pages 5 and 6 of the Registered Land Records of Hamilton County, Ohio.

---

[1] Notices of federal tax lien for several tax periods were not refiled and therefore the liens self-released. The IRS is in the process of revoking these erroneous releases and refiling the notices of federal tax lien, pursuant to 26 U.S.C. § 6325(f)(2). The tax periods in which the liens self-released are the periods ending March 31, 1999, June 30, 1999, June 30, 2008 through December 31, 2008, and June 30, 2009 through March 31, 2010.

20. Fay M. David is Kenneth M. David's mother.

21. Fay M. David reported no income in 2007.

22. Kenneth M. David has lived in the Property from 2007 to the present.

23. Fay M. David continued living at 7115 Goldengate Drive, Cincinnati, Ohio, until at least 2022.

24. At least some utilities were placed in Kenneth M. David's name.

25. Kenneth M. David made mortgage payments, either directly, through M.F. Dauod, Inc., or by giving payments to Fay David as payment for the mortgage.

26. On May 4, 2012, the IRS recorded a Notice of Federal Tax Lien on the Property with the Hamilton County, Ohio Recorder, naming Fay M. David, aka Faizeh M. David, as nominee of Kenneth M. David, aka Khalid M. David, related to the trust fund penalty assessments for numerous periods ending March 31, 1999 through September 30, 2009.

27. On May 4, 2012, the IRS recorded a Notice of Federal Tax Lien on the Property with the Hamilton County, Ohio Recorder, naming Fay M. David, aka Faizeh M. David, as nominee of Kenneth M. David, aka Khalid M. David, related to the trust fund penalty assessments for the periods ending December 31, 2009 and March 31, 2010.

28. On August 27, 2018 and November 19, 2019, the IRS recorded notices refiling the nominee liens described in paragraphs 26 and 27, above.

29. Fay M. David holds Kenneth M. David's interest in the Property as his nominee.

Federal Tax Liens Attached to Payments Made By Kenneth M. David

30. Kenneth M. David used funds subject to the federal tax liens described above to make a down payment and/or mortgage payments for the Property, either directly, through M.F. Daoud, Inc. or by transferring funds to Fay M. David for the purpose of making the mortgage payments.

31. Fay M. David received these funds after she knew Kenneth M. David had federal tax liabilities and after she knew that federal tax liens encumbered the Property.

32. To the extent Kenneth M. David made payments for the Property with funds that were encumbered with federal tax liens, the liens which encumbered the payments transferred to the interest in the Property and that interest is subject to enforcement of any non-released liens, for the collection of Kenneth M. David's taxes under the theory of lien tracing.

**WHEREFORE**, the United States requests that the Court grant the following relief:

A. Determine and adjudge that the legal title to Kenneth M. David's interest in the Property is held by Fay M. David as nominee of Kenneth M. David and is subject to the federal tax liens described above;

B. To the extent the Property is not held by Fay M. David as a nominee of Kenneth M. David, determine and adjudge that the payments made by Kenneth M. David with respect to the Property after the tax assessments, were encumbered with the liens for Kenneth David's federal tax liabilities and that the liens which encumbered the payments transferred to an interest in the Property;

C. Order that the federal tax liens upon the Property be enforced and the Property sold according to law, free and clear of all rights, titles, claims, liens, and interests of the parties, with the net proceeds of the sale, after the satisfaction of the costs of sale,

13

14

distributed to the United States and other parties in accordance with their lawful priorities; and

    D.  Award the United States its costs and such other and further relief as the Court determines is just and proper.

Dated:  November 4, 2022

                                        Respectfully Submitted:

                                        DAVID A. HUBBERT
                                        Deputy Assistant Attorney General
                                        United States Department of Justice
                                        Tax Division

                                        /s/ Wendy J. Kisch
                                        WENDY J. KISCH
                                        Reviewer, Tax Division
                                        United States Department of Justice
                                        Ben Franklin Station, P.O. Box 310
                                        Washington, D.C. 20044
                                        Telephone: (202) 307-6553
                                        Fax: 202-514-9477
                                        E-mail: wendy.j.kisch@usdoj.gov