## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

UNITED STATES OF AMERICA,                     Case No. 1:22-cv-00638
      Plaintiff,                              Litkovitz, M.J.

      vs.

KENNETH M. DAVID, et al.                       **ORDER**
      Defendants.

Plaintiff, the United States of America, brings this action on behalf of the Internal

Revenue Service seeking enforcement of federal tax liens against real property located at 3033

Burning Tree Lane, Cincinnati, Ohio (the "Burning Tree property").  This matter is before the

Court on plaintiff United States' Fed. R. Civ. P. 59(e) motion to alter or amend the Court's June

18, 2025 Order and Judgment (Doc. 70), defendants Kenneth David and Fay David's response in

opposition (Doc. 74), and the United States' reply memorandum (Doc. 75).

### I.      Background and Procedural History

The United States obtained two judgments for unpaid tax liabilities against Kenneth

David and sought to enforce those federal tax liens against the Burning Tree property, alleging

that Kenneth David holds an equitable interest in the property, despite it being titled in the name

of Fay David, his mother.  The government moved for summary judgment, arguing that its

federal tax liens attach to Kenneth David's interest in the Burning Tree property because Fay

David holds the property as Kenneth David's nominee.  (Doc. 57).  On June 18, 2025, the Court

denied the United States' motion for summary judgment and granted summary judgment in favor

of defendants Kenneth David and Fay David.  (Doc. 67).  The Court concluded that the nominee

theory advanced by the United States is not recognized under Ohio law, and Fay David cannot be

considered the nominee of Kenneth David for purposes of foreclosing on the Burning Tree

property to satisfy Kenneth David's tax debts.  (*Id.*).  As such, the Court determined that Kenneth

David's tax liabilities do not attach to the Burning Tree property, and the United States may not enforce its federal tax liens against him through a judicial sale of the property.  (*Id.*).

The United States now seeks reconsideration of that Order under Fed. R. Civ. P. 59(e). (Doc. 70).   The government argues the Court overlooked the United States' alternative argument for summary judgment—that Kenneth David's federal tax liens attach to the Burning Tree property based on a lien-tracing theory.  (*Id.* at PageID 551).   The government also argues the Court's Order "contains a deeply flawed analysis of the United States' nominee theory," in that the Court failed to consider Ohio and federal cases from around the country in predicting "what the Ohio Supreme court would do" on the nominee theory advanced by the government.  (*Id*. at PageID 552).

## II.      Rule 59(e) Standard

A motion to alter or amend a judgment under Fed. R. Civ. P. 59(e) may be based on one of four grounds: (1) there has been an intervening change in controlling law; (2) evidence not previously discovered has become available; (3) a clear error of law must be corrected; or (4) there is a need to prevent manifest injustice.  *Intera Corp. v. Henderson,* 428 F.3d 605, 620 (6th Cir. 2005) (citing *GenCorp, Inc. v. American Int'l Underwriters,* 178 F.3d 804, 834 (6th Cir. 1999)).   Relief under Rule 59(e) constitutes an extraordinary remedy reserved for exceptional cases that fit squarely within one of these four elements.  *Hines v. Comm'r of Soc. Sec*., 414 F. Supp. 3d 1080, 1081 (S.D. Ohio 2019).   Relief under Rule 59(e) "should be granted sparingly because of the interests in finality and conservation of scarce judicial resources."  *United States, ex rel. American Textile Mfrs. Institute, Inc. v. The Limited, Inc.,* 179 F.R.D. 541, 547 (S.D. Ohio 1998) (citations omitted).

A Rule 59(e) motion is not intended to relitigate issues previously considered or raise arguments or present evidence which could have been submitted prior to the entry of judgment. *See Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485, n.5 (2008) (citation omitted)). Therefore, "courts will not address new arguments . . . that the moving party could have raised before the decision issued." *Banister v. Davis*, 590 U.S. 504, 508 (2020) (citing 11 C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2810.1, pp. 163-64 (3d ed. 2012); *Exxon Shipping Co.*, 554 U.S. at 485-86, n. 5 (quoting prior edition of Wright & Miller)); *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008) ("Rule 59(e) motions cannot be used to present new arguments that could have been raised prior to judgment.") (citing *Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC,* 477 F.3d 383, 395 (6th Cir. 2007); *Sault Ste. Marie Tribe of Chippewa Indians v. Engler,* 146 F.3d 367, 374 (6th Cir. 1998)). "Rule 59(e) allows for reconsideration; it does not permit parties to effectively 're-argue a case.'" *Howard*, 533 F.3d at 475 (quoting *Sault Ste. Marie Tribe,* 146 F.3d at 374). Reconsideration is not appropriate simply because a party is unhappy with the court's ruling, and the motion "should not provide the parties with an opportunity for a second bite at the apple." *Nesselrode v. U.S. Sec'y of Educ. Agency*, No. 2:16-cv-918, 2017 WL 6767255, at *1 (S.D. Ohio Oct. 27, 2017) (quoting *Beamer v. Bd. of Crawford Twp. Tr.,* No. 2:09-cv-213, 2010 WL 1253908, at *2 (S.D. Ohio Mar. 24, 2010)); *accord State Farm Mut. Auto. Ins. Co. v. Angelo*, 95 F.4th 419, 435 (6th Cir. 2024) ("Motions for reconsideration are not an opportunity to re-argue a case, and should not be used liberally to get a second bite at the apple.") (internal quotations and citations omitted). When a motion for reconsideration merely reflects disagreement with the court's initial ruling, the proper remedy lies in appeal, not reconsideration. *Woods v. Warden, Warren Corr. Inst.*, No. 1:20-cv-618, 2024 WL 1326202, at *3 (S.D. Ohio Mar. 28, 2024), *certificate of appealability denied sub nom.*

3

*Woods v. Shoop*, No. 24-3318, 2024 WL 4579500 (6th Cir. Oct. 10, 2024) (citing *Dates v. HSBC*, No. 1:24-cv-81, 2024 WL 860918, at *9 (S.D. Ohio Feb. 29, 2024); *Prows v. City of Oxford*, No. 1:22-cv-693, 2023 WL 7384684, at *5 (S.D. Ohio Nov. 8, 2023)).

### III. The Lien-Tracing Theory Was Not Adequately Raised

The United States argues that the Court "overlooked" the government's argument on lien-tracing, and Rule 59 gives this Court "the chance 'to rectify its own mistakes in the period immediately following' its decision." (Doc. 70 at PageID 560) (quoting *Banister*, 590 U.S. at 508 (in turn quoting *White v. New Hampshire Dept. of Employment Security*, 455 U.S. 445, 450 (1982)). The government contends this Court "missed" separate arguments for lien-tracing raised in three paragraphs of its thirty-two-paragraph complaint, one sentence in its prayer for relief, and three sentences in its twenty-one-page opposition brief to defendants' motion for summary judgment. (Doc. 70 at PageID 561). While the government briefly mentioned lien tracing in its complaint (Doc. 1 at PageID 7, ¶¶ 30-32), the United States neither raised nor argued its lien-tracing theory in its own summary judgment motion or memorandum in support. (Doc. 57). The only mention of lien tracing in the government's summary judgment briefing was set forth in three sentences in its memorandum in opposition to defendants' summary judgment motion:

> Kenneth David paid the downpayment and, with a few exceptions, all mortgage payments on the Burning Tree Lane Property. To the extent Kenneth David made payments for the Burning Tree Lane Property with funds that were encumbered with federal tax liens, the liens which encumbered the payments transferred to an interest in the Burning Tree Lane Property. To the extent the court finds that Fay David does not hold the Burning Tree Lane Property as a nominee of Kenneth David, that transferred interest is subject to enforcement of any non-released liens, to collect Kenneth David's taxes under the theory of lien tracing.

4

(Doc. 65 at PageID 515).  The language quoted above is the government's full lien-tracing "argument."  Unlike the instant Rule 59(e) motion, the government did not explain what lien-tracing is; it did not set forth the case authority supporting the concept of lien tracing; nor did it argue why lien tracing should apply in this case.

The Court did not "overlook" the government's lien tracing theory because the government's passing reference to it, without any effort at elaboration or legal support, waived the issue.  "[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.  It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) (citing *Citizens Awareness Network, Inc. v. United States Nuclear Regulatory Comm'n,* 59 F.3d 284, 293-94 (1st Cir. 1995)).  Courts have consistently held that arguments adverted to in only a perfunctory manner are waived. *Kuhn v. Washtenaw Cnty.*, 709 F.3d 612, 624 (6th Cir. 2013); *Jennings v. Allstate Vehicle & Prop. Ins. Co.*, No. 1:20-cv-464, 2025 WL 1548692, at *13 (S.D. Ohio May 30, 2025).  Further, "[d]istrict courts resolving summary-judgment motions are not on buried-treasure hunts.  And '[a] passing reference to an issue in a brief is not enough[.]'"  *United States v. F.E.B. Corp.*, 52 F.4th 916, 933 (11th Cir. 2022) (noting that "three snippets cannot preserve the issue") (citing *Hamilton v. Southland Christian Sch., Inc.*, 680 F.3d 1316, 1319 (11th Cir. 2012)); *accord ECIMOS, LLC v. Nortek Glob. HVAC, LLC*, 736 F. App'x 577, 585 (6th Cir. 2018) (it is a party's burden to develop its argument because "[j]udges are not like pigs, hunting for truffles that might be buried in the record.") (citations omitted).  "A court is not required to make a party's case by scouring the party's various submissions to piece together appropriate

arguments." *Safelite Grp., Inc. v. Lockridge*, No. 2:21-cv-4558, 2024 WL 488030, at *1, n.1 (S.D. Ohio Feb. 8, 2024) (citation omitted).

The government's summary judgment filings did not raise a lien-tracing theory or argument in any meaningful or substantive way. While the government briefly referenced lien-tracing in its complaint, it admits that it did not separately argue or even mention lien-tracing in its memorandum in support of its motion for summary judgment. (Doc. 70 at PageID 557).[1] The government's cursory mention of lien-tracing in its memorandum in opposition to defendants' motion for summary judgment alleged that funds used by Kenneth David to make payments for the Burning Tree Lane property were encumbered with federal tax liens, and the liens which encumbered the payments transferred to an interest in the Burning Tree Lane Property. (Doc. 65 at PageID 515). The government failed, however, to connect these facts to the legal theory of lien tracing with developed legal argument. The government failed to cite a single case or other authority in support of its theory or apply the law of "lien-tracing" to the facts of this case. Therefore, the government waived its lien-tracing argument prior to the judgment entered in this matter. *McPherson*, 125 F.3d at 995-96; *Jennings*, 2025 WL 1548692, at *13. *Cf. Raft v. Comm'r of Soc. Sec.*, 147 F. App'x 458, 462 (6th Cir. 2005) (finding that "[a] fair reading of the record reveals that Raft's delegation argument was not the focus of his pleadings in opposition to the Commissioner's motion to dismiss and it is not addressed at all by the district court's opinion. Thus, we conclude that Raft has waived the only argument he has

---

[1] On the second page of its motion for summary judgment, to which the memorandum in support was appended, the government sought a ruling determining that the "funds Kenneth David used to make payments for the Burning Tree Lane Property were encumbered with federal tax liens and those liens transferred to the Burning Tree Lane Property." (Doc. 57 at PageID 172). Without any explanation of this request for relief, the Court cannot determine that this single sentence raised the issue of lien-tracing now advanced by the government.

raised on appeal."); *Thurman v. Yellow Freight Sys., Inc.,* 90 F.3d 1160, 1172 (6th Cir. 1996) ("[i]ssues that are not squarely presented to the trial court are considered waived and may not be raised on appeal").

On summary judgment, the United States failed to advance its lien-tracing theory for consideration by this Court.  The theory received only passing mention in the complaint and opposition brief, with no developed argument or legal authorities cited in support.  Any attempt to raise or develop this theory for the first time in a Rule 59(e) motion is improper.  *Bannister,* 590 U.S. at 508.  Therefore, the United States' motion to alter or amend the Court's June 28, 2025 Order based on its lien-tracing theory is **DENIED**.

## IV.    The United States Cannot Reargue Nominee Theory

The United States devotes only four pages to lien tracing in its twenty-page reconsideration brief, using the remaining sixteen pages to reargue the merits of its nominee theory of liability and assert that the Court committed "clear error of law in rejecting nominee theory."  (Doc. 70 at PageID 560).  The government attempts to raise new legal arguments in support of its nominee theory and collection remedies not previously raised in their summary judgment briefing.  The government also seeks to reargue the merits of its nominee theory.  Both are improper on a Rule 59(e) motion.

First, the government argues Ohio cases imposing constructive trusts and resulting trusts provide a basis for recognizing that Kenneth David possesses an equitable interest in the Burning Tree property.  (Doc. 70 at PageID 567-570).  This argument is new, and neither the argument nor the case citations supporting it appeared in the government's summary judgment briefing. The government mentioned the term "constructive trust" only two times in its motion for summary judgment, both in reference to the Sixth Circuit's decision in *Spotts v. United States*,

7

429 F.3d 248 (6th Cir. 2005).[2] (Doc. 57-1 at PageID 192, 194, citing *Spotts*, 429 F.3d at 253). The government did not advance the argument it now makes, nor cite the Ohio cases set forth in its Rule 59(e) motion.

The government further asserts, for the first time, that Ohio courts recognize collection remedies like a "resulting trust" or "purchase money trust" under which the Court could find that "Fay David holds title to the Property subject to a resulting trust in favor of Kenneth David, whose creditors can reach the Property to satisfy their liens." (Doc. 70 at PageID 570). The government's motion for summary judgment contains no references, arguments, or legal citations relating to resulting or purchase money trusts. (Doc. 57-1). This theory cannot properly be raised in the government's Rule 59(e) motion when it was not advanced in its summary judgment submissions and "could, and should, have been made before judgment [was] issued." *Sault Ste. Marie Tribe of Chippewa Indians*, 146 F.3d at 374. *See also Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC*, 477 F.3d 383, 395 (6th Cir. 2007) ("under Rule 59(e), parties cannot use a motion for reconsideration to raise new legal arguments that could have been raised before a judgment was issued").

In the remainder of its Rule 59(e) motion, the government seeks to relitigate the merits of its nominee theory of liability. This includes its argument that the Court "did not perform the correct analysis of predicting how the Ohio Supreme Court would rule on nominee theory," despite the government's failure to raise this issue on summary judgment briefing or cite the cases it now includes in its Rule 59(e) motion. The government also seeks to revisit the

---

[2] The Sixth Circuit in *Spotts* recognized that "[a] federal tax lien does not arise or attach to property in which a person has no interest under state law" and remanded the case to the district court to determine in the first instance whether the taxpayer had a property interest under Kentucky law. 429 F.3d at 253.

undersigned's reliance on Southern District of Ohio cases, as opposed to those from the Northern District of Ohio upon which the government relied, and cites to additional circuit court cases purporting to "help clear up the Court's apparent misunderstanding about what the nominee doctrine actually is." (Doc. 70 at PAGEID 572).

The government seeks a do-over, which is not the purpose of a Rule 59(e) motion. The government cannot use its motion to alter or amend a judgment to: relitigate old issues, raise new arguments, or present new legal theories that could have been raised before judgment, *Banister*, 590 U.S. at 508; *Exxon Shipping Co.*, 554 U.S. at 485 n.5; reargue its case, *Michigan Flyer LLC v. Wayne Cnty. Airport Auth.*, 860 F.3d 425, 431 (6th Cir. 2017) (citing *Sault Ste. Marie Tribe of Chippewa Indians*, 146 F.3d at 374); or correct misguided legal or strategic choices, *Michigan Flyer LLC,* 860 F.3d at 432; *Maxum Indem. Co. v. Robbins Co.*, 784 F. App'x 366, 373 (6th Cir. 2019). The government's motion for relief under Rule 59(e) amounts to a disagreement with the Court's resolution of the government's nominee theory arguments. The United States fails to demonstrate "clear legal error" warranting relief under Rule 59(e).

## V.    Conclusion

Based on the foregoing, the United States has failed to demonstrate that this case is one that warrants the "extraordinary remedy" it seeks. *Hines*, 414 F. Supp. 3d at 1081. The United States does not identify an intervening change in controlling law or newly discovered evidence, nor does it demonstrate a manifest injustice or clear error of law. Rather, the United States raises new legal arguments and theories it could have and should have raised in its motion for summary judgment, and it rehashes arguments already considered by the Court. This is not the intended purpose of Rule 59(e). Therefore, plaintiff's Rule 59(e) motion to alter or amend the

Court's June 28, 2025 Order and Judgment is **DENIED**.

**IT IS SO ORDERED.**

Date: 11/14/2025

Karen L. Litkovitz
United States Magistrate Judge